IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | : |
| Plaintiff, | : : : |
| v. | : Civ. No. 20-884-CFC |
| ELKTON NURSING AND REHABILITATION CENTER, | : : : : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington this 10th day of February, 2023, having considered Defendant's motion to dismiss (D.I. 21);

IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 21) is **DENIED** for the following reasons:

1. Plaintiff Robert Charles Lewis proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) On December 21, 2020, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915(e)(2)(B), and entered a service order. (D.I. 5) The case was dismissed when Plaintiff failed to timely return documents necessary for service, but was subsequently reopened. (D.I. 7,

15) On May 23, 2022, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 21).

2. The legal standard used when screening cases for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the Rule 12(b)(6) dismissal standard. *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations and claims of fraud contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion.

_____
Chief Judge